Filed 3/10/22  In re A.O. CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re A.O., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.O.,<br><br>    Defendant and Appellant. | A161968<br><br>(Solano County<br>Super. Ct. No. J44673) |

Appellant A.O. was declared a dependent child of Solano County in 2019.  (Welf. & Inst. Code, § 300.)[1]  In 2020, the Merced County District Attorney filed a wardship petition in that county alleging appellant had committed the crimes of assault with a deadly weapon, carrying a concealed dirk or dagger and resisting a peace officer.  (§ 602; Pen. Code, §§ 245, subd. (a)(1), 21310, 148, subd, (a)(1).)  The allegations were based on an incident in which appellant stabbed an employee of the group home where she was living with a fork, resisted the peace officers

---

[1] Further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

1

who responded to the altercation, and was discovered to be carrying scissors inside her waistband.

When a minor qualifies as both a dependent and a ward of the juvenile court, she cannot simultaneously be both. (§ 241.1; *In re Marcus G.* (1999) 73 Cal.App.4th 1008, 1012.) Because appellant was already a dependent child when the wardship petition was filed, a report under section 241.1 was prepared to assist the court in determining whether she should be treated as a dependent or a ward under the juvenile law. The report recommended that appellant be treated as a ward.

Appellant admitted the wardship petition on the condition that she be considered for a deferred entry of judgment (DEJ) at disposition, which was contemplated to be in Solano County following a transfer. The court determined that wardship under section 602, rather than dependency status, best suited appellant's needs.

The case was transferred to Solano County for disposition, where, because the parties determined DEJ was unlikely, the court allowed appellant to withdraw her admission to the entire petition, waive her request for a DEJ determination, and admit only a single count alleging the possession of a dirk or dagger. Following appellant's admission to the dirk or dagger count, appellant was placed on probation subject to several conditions. The court denied appellant's request to reconsider the determination under section 241.1 that she be treated as a ward.

Appellant filed this appeal, challenging the determination that she should be treated as a ward and requesting a new

section 241.1 assessment.  After the respondent's brief was filed, appellant advised this Court that she had successfully completed probation, and that the juvenile court had dismissed the matter and sealed the records pursuant to section 786.  We requested supplemental briefing as to whether this rendered the appeal moot.  Both parties filed supplemental letter briefs stating that it was.  We agree.

"As a general rule, an appellate court only decides actual controversies.  It is not the function of the appellate court to render opinions ' " ' "upon moot questions or abstract propositions, or. . .declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " '  [Citation.] '[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief.' " (*People v. Rish* (2008) 163 Cal.App.4th 1370, 1380.)  "[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events.  A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed." (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 642, p. 669; *In re Dani R.* (2001) 89 Cal.App.4th 402, 404.)

This appeal challenges the determination that appellant should be treated as a ward rather than as a dependent.  Because the wardship matter has been dismissed and the records sealed, success on appeal, i.e., a determination that appellant should not have been treated as a ward or was entitled to a new report

3

under section 241.1, would not change appellant's status in juvenile court. This Court cannot provide effective relief.

Courts do have the discretion to review moot appeals when they involve a matter of public interest or present issues that are likely to recur while evading appellate review. (*People v. Gregerson* (2011) 202 Cal.App.4th 306, 321.) The parties have identified no such issues in this case.

The appeal is dismissed.

_____

NEEDHAM, J.

We concur.

_____

JACKSON, P.J.

_____

SIMONS, J.

*In re A.O.* / A161968

5